UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAKESHA J. WILMS, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-441-CCB-SJF |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Jakesha J. Wilms, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction in Case No. 02D04-2504-F6-626 and his probation revocation in Case No. 02D04-2309-F6-1260. Following guilty pleas, on June 27, 2025, the Allen Superior Court sentenced him to two and a half years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Wilms asserts various claims, including that his guilty plea is invalid and that the trial court abused its sentencing discretion by declining to sentence him to home detention. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Indiana courts have explained a convicted individual's State court remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). "[B]ecause a conviction imposed as a result of a guilty plea is not an issue that is available to a defendant on direct appeal, any challenge to a conviction thus imposed must be made through the procedure afforded by the Indiana Rules of Procedure for Post–Conviction Remedies." *Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006). Nevertheless, on direct appeal, an individual who has entered into a plea that allows the trial court to exercise discretion in imposing a sentence "is entitled to contest the merits of a trial court's sentencing discretion." *Childress v. State*, 848 N.E.2d 1073, 1079 (Ind. 2006). Review of the electronic docket for the State courts[1] indicates that Wilms did not pursue a direct appeal but that his post-conviction proceedings are ongoing. It thus appears that his claim that the trial

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2

court abused its sentencing discretion are exhausted but that his claims relating to his guilty plea are unexhausted.[2]

Federal courts are not permitted to adjudicate a mixed petition containing both exhausted and unexhausted claims because the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id*. at 274. Because the court cannot rule on the habeas petition as it stands, Wilms must inform the court as to how he wants to proceed.

Wilms could file an amended petition omitting the unexhausted claims, which would allow the court to consider whether the remaining claims entitle him to habeas relief. However, this option risks forfeiting the chance to ever raise any other claims in a federal habeas petition. If he continues with this case, he will not be able to file another habeas corpus petition challenging this conviction unless he receives authorization from the United States Court of Appeals for the Seventh Circuit, which may be granted only

---

[2] The court makes no finding with respect to whether the exhausted claims are also procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

3

under narrow circumstances. *See* 28 U.S.C. § 2244(b). Alternatively, Wilms could file a voluntary motion to dismiss this case without prejudice, pursue post-conviction relief in State court, and seek federal review on all of his habeas claims at the conclusion of State post-conviction proceedings.

    The court will also consider whether a stay might be appropriate for this case. Though a stay is not appropriate in all cases, it may be appropriate if the petitioner has insufficient time to file a timely federal habeas petition following the conclusion of State post-conviction proceedings. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to run on July 28, 2025, when the time to file a notice of appeal expired. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within 30 days of judgment). Given the statutory tolling provided by Section 2244(d)(2), dismissing this case will not effectively end Wilms' chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case. As a result, Wilms's options are limited to amending the petition or dismissing this case.

    As a final matter, the court observes that Wilms has not resolved his filing fee status. To proceed with this case, Wilms must either pay the filing fee in full or file a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

4

5

For these reasons, the court:

(1) **ORDERS** Jakesha J. Wilms to file an amended petition or a motion to dismiss consistent with this Order by November 24, 2025;

(2) **ORDERS** Jakesha J. Wilms to resolve his filing fee status by November 24, 2025; and

(3) **CAUTIONS** Jakesha J. Wilms that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED on October 23, 2025.

            /s/*Cristal C. Brisco*
            CRISTAL C. BRISCO, JUDGE
            UNITED STATES DISTRICT COURT