UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAKESHA J. WILMS, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-441-CCB-SJF |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Jakesha J. Wilms, a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction in Case No. 02D04-2504-F6-626 and his probation revocation in Case No. 02D04-2309-F6-1260. Following guilty pleas, on June 27, 2025, the Allen Superior Court sentenced him to two and a half years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the initial petition, Wilms asserted various claims, including claims that his guilty plea is invalid and that the trial court abused its sentencing discretion by declining to sentence him to home detention. ECF 1. In reviewing that petition, the court considered whether the claims in the petition were exhausted. ECF 3. The court found that Indiana law required individuals to challenge convictions obtained through guilty pleas on post-conviction review but to assert claims that a trial court abused its sentencing discretion on direct appeal. *Id.* Review of the electronic dockets for the State

courts revealed that Wilms did not pursue a direct appeal but that his post-conviction proceedings were ongoing. *Id.* The court thus found that the initial petition was a mixed petition containing both exhausted and unexhausted claims. *Id.* The court also noted that, at that time, it would make no finding with respect to whether the exhausted claims were also procedurally defaulted. *Id.*

The court then reasoned that it could not rule on a mixed petition and that Wilms needed to inform the court as to how he wanted to proceed. *Id.* The court explained that Wilms could file an amended petition containing only his exhausted claims but that that option risked forfeiting his chance to ever raise any other claims relating to these State criminal proceedings in a federal habeas petition. *Id.* The court also explained that Wilms could voluntarily dismiss this case, litigate the State post-conviction case, and pursue a federal habeas petition once the State proceedings had concluded. *Id.*

Wilms chose to file an amended petition containing only his exhausted claims challenging the trial court's abuse of sentencing discretion. ECF 5. Further, in response to the question on the habeas petition form, he explains that he did not present this claim to the Indiana Supreme Court because "[he] filed this form first." *Id.* at 3.

Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his

2

federal claim at each level of state court review has procedurally defaulted that claim." *Id.* According to the electronic docket for the State courts,[1] Wilms did not pursue a direct appeal, and, as detailed in the prior order, Indiana law requires abuse of sentencing discretion claims to be raised on direct appeal. *See Childress v. State*, 848 N.E.2d 1073, 1079 (Ind. 2006). Consequently, the court finds that Wilms' sentencing claim is procedurally defaulted. Because Wilms asserts no valid excuse for procedural default, he cannot obtain habeas relief on this claim.

In the amended petition, Wilms also writes that "[t]he court admitted a probable cause affidavit that contained multiple levels of hearsay (in cause number 02D05-2503-CM-954) to charge [him] with a crime which resulted in [his] probation being revoked." ECF 5 at 3. It is not clear whether this assertion amounts to a standalone claim or whether he intended it as factual support for his sentencing claims. In any event, this assertion does not state a valid claim for habeas relief.

Notably, Wilms is no longer in pretrial detention pursuant to a probable cause determination; instead, he is serving sentences issued pursuant to his convictions and probation revocation. Further, prior to sentencing, Wilms admitted the allegations in the petition for parole revocation, rendering any further reliance on the probable cause affidavit unnecessary for purposes of assessing his guilt and sentences. Given these circumstances, it is unclear how the probable cause affidavit materially relates to Wilms' present form of custody. This claim is not a cognizable basis for habeas relief.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Because it is clear from the amended petition that Wilms is not entitled to habeas relief, the court will dismiss this case. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Wilms a certificate of appealability.

For these reasons, the court:

(1) **DISMISSES** the amended petition (ECF 5) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are either procedurally defaulted or do not state a valid basis for habeas relief;

(2) **DENIES** Jakesha J. Wilms a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on November 17, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT